FRANK P. LIZANO v. CITY OF PASS CHRISTIAN.

[50 South. 981.]

MUNICIPALITIES. *Officers. Removal from office. Constitutional law.*
   *Constitution* 1890, sec. 175.   *Code* 1906, § 3332.

   Under constitution 1890, sec. 175, providing that all public officers,
      for willful neglect of duty or misdemeanor in office, shall be liable
      to presentment or indictment by a grand jury, and upon convic-
      tion shall be removed from office, and otherwise punished as pre-
      scribed by law;
   (a) A city marshal, elected by the voters, is a public officer; and
   (b) A municipal ordinance, predicated of Code 1906, § 3332, pro-
      viding "for the impeachment and removal of elective officers" for
      willful neglect of duty or misdemeanor in office by the mayor
      and board of aldermen, without indictment and conviction as a
      condition of removal, is void.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

The city of Pass Christian, appellee, was plaintiff in the
court below; Lizano, appellant, was defendant there.   From a
judgment of the circuit court affirming the action of the mu-
nicipality in removing defendant from the office of marshal,
defendant appealed to the supreme court.

The city of Pass Christian is governed by chapter 99 of the
Code of 1906.   Under an ordinance of the city, purporting to
be pursuant to Code 1906, § 3332, the mayor and board of
aldermen removed appellant from the marshalship of the city,
he having been duly elected marshal by popular vote, and had
qualified and entered upon his duties as such; the ground of
removal was dereliction of duty.   Lizano appealed from such
action to the circuit court where the cause was submitted to
the trial judge and by him decided on a bill of exceptions, con-
taining the charges and evidence in support of the same.

Section 175 of the Constitution of 1890 is as follows: "All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law."

*J. H. Mize,* for appellant.

Section 175 of our state constitution is mandatory and exclusive, and furnishes the only method of removal of a public officer. *Runnel v. State,* Walker, 146; *Hyde v. State,* 52 Miss. 665; *Ex parte Lehman,* 60 Miss. 967.

In *Ex parte Lehman,* 60 Miss. 967, at page 975, the court holds as follows: "Plainly these constitutional and statute methods of removal are exclusive of all others. The legislature has not attempted in any portion of our statute laws to provide for the suspension of any officers from office after indictment and pending trial for a criminal offense or misdemeanor in office. Such a law, if enacted, and if it operated as a practical removal from office before conviction, would be of doubtful constitutionality, since it would give to an indictment that effect which the constitution attaches to conviction only."

The same principle was laid down in the *Hyde case, supra,* and seems to have had its birth in this state in the case of *Runnel v. State, supra.*

Under these authorities, we contend that it is beyond the power of the legislature to provide any other method of removal of any public officer within the meaning of said section than that provided by section 175 of the constitution of Mississippi, namely indictment, trial, conviction and sentence, except as provided by section 139 of the constitution hereinafter discussed.

If the marshal of a municipality be a public officer within the meaning of the constitutional section 175 that ends the argument, since the section does not begin with the words "all

public officers of the state," nor "all public officers of any division or sub-division of the state," but with the broad meaning language: "all public officers." There are a few cases to be found holding that where the word "officer" is referred to, it means an officer of a certain kind, or where the wording is "officers of the state," it means only state officers, and does not embrace municipal officers. But we have found no cases where a court has construed the words "all public officers" or "public officers" unrestrictedly not to include officers of a municipality. We think no such decision can be found. If any seemingly parallel decision has been rendered, we think, upon close reading, it will be seen that the word "officer" is in some manner limited. But in our state constitution, the word is not limited.

A constitution is not to be interpreted on narrow or technical principles, but liberally and on broad general lines, in order that it may accomplish the objects of its establishment and carry out the great principles of government. Black, Const. Law, § 47, p. 67.

Taking the words "all public officers" in their natural and popular sense they should naturally mean all county officers, all municipal officers and all state officers who who are public officers; and a public officer, as we understand it, is one who holds an office in the administration of the duties of which the public is interested. The mayor of a municipality is an officer within the meaning of section 2, of the constitution of Mississippi. *Armstrong v. State,* 91 Miss. 513. A city assessor is an officer within the meaning of section 266 of the Mississippi constitution. *Kierskey v. Kelly,* 80 Miss. 803. A fortiori, a city marshal is a public officer within the meaning of section 175, as the inhabitants of a municipality are generally much interested in the administration of the duties of the city marshal. It was held that a railroad policeman employed by a corporation is a public officer within the meaning of a constitutional pro-

vision that no public officer shall receive a pass over any railroad. *Dempsey v. New York, etc., R. Co.,* 146 N. Y. 290, 40 N. E. 867.

It was held that a notary public was a public officer within a constitutional provision that any public officer who shall travel on a free pass shall forfeit his office. *People v. Rathbone,* 32 N. Y. Supp. 100, 11 Misc. 98.

An officer of a municipal corporation is a public officer within the meaning of a statute punishing delinquency as a misdemeanor. *People v. Bedell* (N. Y.), 2 Hill, 196, 199; 23 Am. & Eng. Ency. of Law (2d ed.) 431.

There is no ambiguity in section 175, and it should be construed in its ordinary and common acceptation, embracing all public officers, but even if the language were ambiguous, looking to the whole constitution of the state of Mississippi, as provided by the rule of construction above cited, in case of ambiguity it would appear that the mayor of a municipality is a constitutional officer within section 2 of the constitution, and that a city assessor is a constitutional officer within the meaning of section 266 of the constitution, which would go to show that our court has held that other city officials are constitutional officers within the meaning of other provisions of the state constitution where there was no limitation. Certainly then, there can be no reason found why a city marshal, elected by the people of a municipality, should not be held to be a constitutional officer within the provisions of section 175 of the constitution.

It was never the intention of the makers of the constitution that the mayor and board of aldermen of a municipality should be empowered to remove a municipal officer. Section 138 of the constitution provides that the legislature may empower the governor to remove and appoint officers in any county or counties or municipal corporation under such regulations as may be prescribed by law. The constitution nowhere provides

that the legislature shall have the power to pass any law to remove an officer in any other way. When the constitution empowers the legislature to do certain things, the legislature can do these things, but cannot enlarge on them. A statute empowering the governor to appoint and remove officers in any county or counties or any municipal corporation would be constitutional; and, since the constitution gives the legislature this power, we may, by sound reasoning, infer that this was all the power the constitution intended to give the legislature to pass a law with respect to the removal of officers. If it had intended to give any other power, it would so have provided.

*Jno. J. Curliss,* for appellee.

To contend that section 175 of our state constitution prescribes the only method by which public officers may be removed from office, is to contend that Code 1906, § 3332, is nugatory. If the public officers of our state can, on dereliction of duty, be removed only by the enforcement of section 175 of the constitution, it would follow that such officers would be immune and irremovable for the commission of any felony or other offense mentioned in the aforesaid code section, since section 175 of the constitution prescribes only "wilful neglect of duty or misdemeanor in office." By the same reasoning it would follow that sections 49 to 53 of the constitution, relative to trial of public officers, are unenforceable because inconsistent with section 175 aforesaid.

Certainly section 175 of the constitution does not include legislative or statutory officers but only constitutional officers whose removal from office is not otherwise provided for in the constitution. *Ex parte Lehman,* 60 Miss. 967; *Hyde v. State,* 52 Miss. 665; *Swann v. Buck,* 40 Miss. 268.

The cases cited by learned counsel for appellant would seem to have no application to the specific question here in issue, because a city marshal is not a constitutional officer.

By Code 1906, § 3332, the municipality was given authority to provide for the impeachment and removal of elective officers. Unless such code section be unconstitutional, the action of the court below was correct.

MAYES, J., delivered the opinion of the court.

As the law now stands, in so far as it authorizes a removal of this character of public officer, section 175 of the constitution of 1890 of the state provides the exclusive mode, where the removal is sought on a charge of wilful neglect of duty, or misdemeanor in office. Under the above section the *sine qua non* to removal is presentment or indictment by the grand jury and conviction, before there can be any removal on account of the things named in the above section, to wit, wilful neglect of duty or misdemeanor in office. The appellant is a city marshal, elected by the popular vote of the city, and the mayor and board of aldermen are seeking to impeach and remove him because of wilful neglect and misdemeanor in office, the very causes which the constitution names in the above section, and which it provides as causes for removal only when the officer has been presented or indicted by a grand jury and convicted. The mayor and board of aldermen have not proceeded in the way required by the constitution, but are proceeding by virtue of an ordinance passed under the authority of section 3332 of the Code of 1906, which gives the municipality power to pass ordinances providing "for the impeachment and removal of elective officers," etc., and undertake to remove the marshal without indictment and conviction.

We do not deem it necessary to set out here the ordinance passed by the mayor and board of aldermen under this section of the statute. Suffice it to say that the ordinance does not conform to the requirements of the section of the constitution in question, in that it provides for the removal without indictment, trial, and conviction, and is therefore a nullity. While

the legislature gave the power to the municipality to pass ordinances for the impeachment and removal of elective officers, etc., of course the legislature did not intend that the municipality should pass an ordinance conflicting with the constitution of the state. We shall not undertake to name all the persons engaged in a public employment who are "public officers" within the meaning of section 175 of the constitution of 1890, but we deal with the case now before us, and do not hesitate to say that a city marshal, elected by the people as their officer, is a "public officer," within the meaning of this constitutional provision. In the case of *Moore v. State,* 45 South. 866, it appears that Moore was the city marshal of Senatobia, and was charged by affidavit before a justice of the peace with malfeasance in office, fined, and removed from office; but this court held that the conviction, even before a justice of the peace, would not warrant the removal of the marshal by him, because the constitution required that there should be a grand jury presentment or indictment and conviction before removal. The rule announced here is the rule which this court has heretofore declared in the cases of *Ex parte Lehman,* 60 Miss. 967; *Hyde v. State,* 52 Miss. 665, and the cases therein cited.

But it is argued that the decision in those cases only applied to constitutional offices, and, since the city marshal is not a constitutional officer, these cases have no application. We do not think there is anything in this contention. Section 175 applies to "all public officers," and the city marshal is certainly a "public officer," within the meaning of the constitution. It should be a serious thing to remove from office, before the expiration of his term, any officer whom the people have selected to govern them. It was designed by the constitution to make it a serious thing. Unless there is immediate and serious cause, the ballot is intended to be the method of removal, and it was not the purpose of the constitution makers

that the will of the people should be thwarted by partisans, but that removals should only be made by calm judicial investigation, and only after conviction. This method is safe, and should and must be pursued as the constitution requires. We are not to be understood as intimating that the mayor and board of aldermen were moved by any but the most impartial motives in attempting to remove appellant, but we are merely discussing the reasons for the law in its application to this case.

*Reversed and remanded.*