MISSISSIPPI STATE BOARD OF HEALTH *v.* MATHEWS.

[74 South. 417, Division A.]

HEALTH. *County health officer. Removal. Statute. Constitutionality.*
   Section 175 of our state Constitution provides the exclusive method by which a public officer may be removed from office and hence section 2490, Code 1906, in so far as it authorizes the state board of health to remove a county health officer, is void.

APPEAL from the chancery court of Hinds county.
HON. O. B. TAYLOR, Chancellor.
Bill by W. T. Mathews against the Mississippi State Board of Health. From a decree for complainant, defendant appeals.

The appellee, who was complainant in the court below, filed a bill in chancery seeking to enjoin the Mississippi State Board of Health from putting into effect an order passed by said board removing him from the office of county health officer of Leflore county. Appellee had been chosen as county health officer for a term of two years beginning July 1, 1915, under the provisions of section 2491 of the Mississippi Code of 1906, which provides as follows:

''A competent physician shall be appointed county health officer for and from each county by the State Board of Health, whose term of office shall be for two years, and said board shall cause the appointment to be certified by its secretary to the board of supervisors of the county for which the appointment was made.''

At the June meeting, 1916, the board of health preferred charges against appellee alleging that he had been ''negligent and careless and unmindful of the best interests of the people of the county.'' The particular negligence referred to was based upon his failure to report a suspicious case of smallpox. The appellee was summoned to appear before the State Board of Health to answer said charges, and after a hearing the board removed him from office and appointed another physician as his successor. The board claims authority for this action by virtue of the provisions of section 2490 of the Code of 1906, which is as follows:

''The State Board of Health may at any meeting remove any county health officer, or its president or secretary from office, and fill the vacancy thereby occasioned, or may fill a vacancy in either of said offices whenever and however it occurs; and when a county health officer shall be removed, or his successor appointed, notice thereof shall be sent and certified to the board of supervisors of the county.''

Appellee contends that the provisions of section 2490 under which he was removed are in contravention of section 175 of the state Constitution, which provides as follows:

''All public officers, for willful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, or otherwise punished as may be prescribed by law.''

Appellee contends that the board is without authority to remove him except upon conviction as provided by the Constitution, and that the provisions of section 2498 of

the Code of 1906 provide a method prosecuting him for
the offense charged.  Said section provides as follows:

"Every practicing or licensed physician shall report
immediately to the secretary of the State Board of
Health every case of yellow fever, cholera, dengue, small-
pox or other virulent epidemic contagious disease that
occurs within his practice, unless the State Board of
Health shall otherwise direct.  Any practicing or licensed
physician, willfully failing to so report shall be guilty
of a misdemeanor, and upon conviction shall be punished
as provided by law for misdemeanors."

The chancellor entered a decree granting the relief
prayed, and the board of health appealed.

*Mayes, Wells, May & Sanders,* for appellant.

The trial court held that the only question involved
was the constitutionality of section 2490 of the Code, and
that under the case of *Lizano* v. *City of Pass Christian,*
96 Miss. 640, the exclusive method for the removal of
public officers is as provided by section 175 of the Con-
stitution; that the legislature of the state could not pass
a statute removing any person from public office except
upon indicment by a grand jury, followed by conviction.
And held that section 2490 of the Code was violative of
section 175 of the Constitution.

We think the chancellor overlooks the fact that the
term of an officer is such time as the legislature makes
it, and that the legislature may fix terms to be deter-
mined upon certain contingencies, while at the same time
specifying a time beyond which the term shall not last
in any event.  If the chancellor is correct, every person
in the service of the state, even to the laborers that clip
the grass on the capitol grounds, may be considered to
be protected by this section of the Constitution.  A lazy
and good for nothing porter, could not be removed ex-
cept by indictment and conviction.  This reduced section
175 of the Constitution to an absurdity.

So broad have been the decisions of the court in defining what constitutes public officers, that it comprehends every employee paid out of the public treasury who serves the public in any way.

While section 20 of the Constitution provides that no person shall be elected or appointed to office in this state for life, but the term of all officers shall be for some specified period, the section only means, that an officer shall not hold any office for any unlimited time. All this section means is that the legislature in creating an office shall fix a specified time beyond which the term shall not extend, but under this section the legislature can prescribe the maximum of time to be two years, and yet enact a law providing that the term may be ended for the time named as the fixed time for the maximum time, but it may be determined in a less time. Under section 20 of the Constitution the legislature may fix a term of office for a certain number of years, and provide that it may be ended before the expiration of that time for cause, and fix an authority to determine the cause and the term. Such law would not violate either section 20 or section 175 of the Constitution, when the legislature creates an office and fixes a term, but says that the term may be ended by removal before the end of the time fixed, the effect of the law is to create a determinable term and such law does not violate section 175 of the Constitution.

Section 175 of the Constitution providing that public officers shall be removed for willful neglect of duty, or misdemeanor in office, and shall be liable to presentment or indictment, and upon conviction shall be removed from office, may fix the exclusive mode of removing an officer, when the legislature has fixed his term and made no other provision for his removal; but when the legislature has fixed a term of office and has further said that the term may be ended before the expiration of that time by removal, section 175 of the Constitution does not apply and the party takes the appointment subject to the qualifications which the legislature has attached to it.

113 Miss.—33

If the case of *Lizano* v. *Pass Christian*, 96 Miss. 640, holds otherwise, it is so clearly unsound that it should be overruled; but we contend that the Lizano case does not conflict with our contention. We state our contention in the beginning of the brief, so that the court may at once get in touch with the questions involved.

So the courts will not review the exercise of the power of removal where in the opinion of the board, furnished with such power, the misconduct was sufficient for removal, except in the clearest cases of abuse.

And in section 396 the same authority states that: "It has been held, that where a statute gives a power of removal for cause without any specification of the cause, this power is of a discretionary and judicial nature; and unless the statute otherwise specially provides the exercise thereof, cannot be reviewed by any other tribunal, with respect either to the cause or the sufficiency or existence or otherwise. Under similar statutory provision, and even in some cases where the statute specifies the cause for removal, it has been held in other American decisions that the removing authority is the sole and exclusive judge of the cause, and the sufficiency thereof, and that the courts cannot review its decision in a case where it had jurisdiction." See, also, *State* v. *Doherty,* 13 Am. Report, 131 and *Tremble* v. *People,* 41 Am. Report, 236.

The above authorities are practically without denial, and are clearly the law. Therefore, the solitary question involved is as to the constitutionality of section 2490.

Is section 2490, Code 1906, constitutional? In determining this question and before discussing our decisions, it will be profitable to know what the practical construction of the legislature has been of this section, and what influence the legislative construction should have with the courts. In the first place a legislative act, by the many decisions of our courts, is not to be declared unconstitutional unless it appears so to be beyond any reasonable doubts. The following decisions of our court holds this. *Hart* v. *State,* 87 Miss. 171; *Henry* v. *State,*

87 Miss. 1; *Natchez R. R. Co.* v. *Crawford,* 55 S. R. 596; *Johnson* v. *Reeves,* 72 S. R. 925.

That the legislature has always construed section 157 of the Constitution as no bar to their power to create offices and provide for the removal of officers before the expiration of the time fixed, not as the term of the officer, but as the time beyond which he cannot serve without a new appointment is conclusively shown by the passage of numerous laws providing for this very thing, and it has done so since the decision in the Lizano case in 96 Mississippi. When they fix a time for service, as we have said, and then provide that the time may be cut short by the happening of certain events, such as misconduct, neglect or other cause, and create a body to determine these things, it is tantamount to fixing a determinate term and does not violate the Constitution. It is only when the legislature says in plain terms that an officer shall serve for a specified time, making no provision for removal in a short time, that the Constitution requires indictment and conviction before removal. In such cases the Constitution intends that the will of the legislature shall be supreme, and that the officer shall serve for the term the legislature specifies, unless he is indicted or convicted. That the legislative construction of section 175 did not prevent the passage of laws providing for removal is shown by the following quotations from our statutes, many of which were passed immediately after the adoption of the Constitution, and continuing on down to the legislature of 1916, viz. By section 183, Code of 1906, authority is given the attorney-general to appoint an assistant, and to discharge the assistant at his pleasure and appoint another.

Section 236, Code of 1906, which was section 226 of Code of 1892, gives the auditor power to appoint a deputy and other clerks, and to remove at pleasure. Under section 2490, Code of 1906, which was 2274 of Code of 1892, the board of health may at any meeting, remove any county health officer, etc.

Under section 3196, which was 2916, Code of 1892, the governor is given the power to appoint a superintendent of the asylum and to remove the superintendent for any proper cause.

Under section 3204, which was 2823, Code of 1892, the trustees of the insane hospital are given the power to remove the steward or any other officer or employee of the institution.

Under section 4664, which was 4112, Code of 1892, each sheriff is given the power to appoint deputies, and to remove them at pleasure. The state librarian is given the power to appoint an assistant, and to remove at pleasure and appoint another.

Under section 4796, Code of 1906, which was section 4226, Code of 1892, providing for the appointment of stenographers, and the court is also given the power to remove a stenographer.

These sections of the Code appeared for the most part in the Code of 1892, immediately after the adoption of the Constitution, and have been re-enacted in Code of 1906, and the legislatures have never thought that section 175 of the Constitution prohibited passing laws creating officers and providing for removal of officers at pleasure or for cause deemed sufficiently by the appointive power, without indictment and conviction. Indeed, if this could not be done, it would destroy the efficiency of the public service. If the sheriff, fresh from the campaign, was required to keep the deputies of a former sheriff, or an attorney general was required to keep an assistant attorney general of a former attorney general, or a librarian the assistant librarian of a former librarian, and so on down the line, the natural antagonisms and want of harmony between the different officers and subordinates would be such as to hamper the efficiency of the public service.

On the question of legislative construction, the court said, in *Blake* v. *McCarthy,* 56 Miss. 654, that where the legislature had continued exercising the power of licens-

ing ferries since 1832, the supreme court of the state would be constrained by the force of this practical interpretation of the Constitution, to uphold the power of the legislature to grant such license, notwithstanding a constitutional provision giving the board of supervisors, etc., full jurisdiction over ferries. *Dantzler Lbr. Co.* v. *State,* 53 So. 1, 8 Cyc. 737.

The chancellor bases his decision holding that section 2490 of the Code of 1906, is unconstitutional, on the case of *Lizano* v. *Pass Christian,* 96 Miss. 640, but we respectfully submit that the case is different from this, and we further submit, that if the court is of the opinion that the Lizano case is in point, so disastrous and erroneous decision should be promptly overruled. To hold that the legislature cannot provide for the removal of officers without indictment and conviction would cripple the efficient administration of the peoples' affairs. *Newsom* v. *Cocke,* 44 Miss. 325; *State* v. *Cocke,* 44 Miss. 352; *State* v. *McDowell,* 71 S. R. 867.

The court again had this question before it in the case of *Ware* v. *State,* 71 S. R. 868. In the above case Poole was removed as county health officer under section 2490, Code of 1906, and Ware appointed in his stead. No charges were preferred against Poole. No notice of any hearing given him, and no hearing given him or opportunity to defend himself, and the court held that he could not be removed under section 2490 without reason, notice or hearing.

In the case of *Ex parte Brown,* 72 S. R. 924, the circuit judge removed his stenographer without notice or hearing, and the court held that the stenographer held his term for four years, and that the laws of the state "do not authorize the circuit judge to remove the official stenographer at his pleasure, as in the case of stenographer for the supreme court." And that a circuit judge entering an order of removal without any hearing, was acting in excess of his statutory authority. In the case of *Johnson* v. *Reeves,* 72 S. R. 925, while not directly in

point on the question involved, throws light on the question we are discussing. The court in speaking of the Revenue Agent's office said: "It may here be stated also that an office is not a contract, and that the incumbent has no vested interest in the term, fees, or emoluments thereof."

Indeed, it may abolish it altogether. We see from the above authority that the court has already inferentially sustained the right of the legislature to create offices, fix terms tentatively, and provide for the removal of officers selected to fill the office before they have filled out the term that the legislature makes it possible for them to serve. When the legislature creates an office and fixes a term, but says that the officer may be removed sooner, it has merely said that the limit of the term may be for the time specified, and it is possible for the officer to hold the office for that term and no longer, but that he may lose it by removal before that time. Such act violates no provision of the Constitution. It violates neither section 20 nor section 175.

A very profitable case to be examined in connection with this case is the case of *Hyde* v. *State,* 52 Miss. 665; *Ex parte Lehman,* 60 Miss. 967. This case necessarily involves a decision of the constitutional question.

Section 2490 of the Code creates the tribunal which is to try the facts and that tribunal has decided that the cause was sufficient for removal of Dr. Matthews. Neither the chancery court, nor this court under the authorities which we have cited, could review those facts, unless it showed arbitrariness on the part of the board removing him.

*Watkins & Watkins,* for appellee.

The appellee is and was a public officer. In order to demonstrate the soundness of the contention to be maintained by us as counsel for the appellee, upon the date of the passage of the order complained of, he was, within

the meaning of section 175 of the Constitution of the state of Mississippi, a public officer. Very fortunately for us, this question is no longer open to opinion. This court has expressly adjudicated that the office of county health officer held by the appellee is a public office within the meaning of the Constitution. The very statute, section 2491 of the Code of 1906, so designates that particular office. *Ware* v. *State,* 71 So. 868. In view of this decision and other authorities therein referred to, the learned counsel for appellant concedes that the office of the county health officer is a public office within the meaning of the Constitution. Therefore, at the threshold of this argument, and as the basis for such future observations as we shall make in this argument, we can, of course, assume, and will proceed upon the assumption that the appellee, at the time of the passage of the order complained of was a public officer within the meaning of the Constitution.

Under sections 20 and 175 of the Constitution of the state of Mississippi, appellee's term of office must have been for a fixed period, and could only be removed in the manner provided by the organic law.

In presenting to the court the invalidity of the action of the state board of health, we desire to call the attention of the court to two sections of the Constitution which protected the appellee in the performance of the duties of his office. The first is section 20, which is in the following language: "No person shall be elected or appointed to office in this state for life, or during good behavior, but the term of all officers shall be for some specified period.

The second section 175 which is in the following language: "All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury, and upon conviction, shall be removed from office and otherwise punished as may be prescribed by law."

These two sections should be read and construed together. Section 20 has been part of our organic law

consecutively since 1817. Section 175 appeared in the Constitution of 1869 as section 26 in the following language: "Clerks, sheriffs and other county officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by grand jury and trial by petit jury, and upon conviction, shall be removed from office."

The constitutional convention of 1890, however, enlarged the provisions above quoted, substituting in place therefore the present section, 175, making the same provision in reference to all public officers. The question is presented as to whether or not the appellee is protected by the said constitutional provisions, or either of them. We first direct the attention of the court to the comprehensive language used in each section; section 20: "But the terms of all officers shall be for some specified period." Section 175: "All public officers," etc.

The two provisions are so clear and unambiguous as to need no construction; they are their own construers; it is not the province of this court to take anything away from them or to add anything to them. They should be read together, and when read together they express a clear and well defined purpose on the part of the makers of our organic law; (a) That all terms of office shall be for some fixed period; (b) That public officers shall be removed from office upon conviction under presentment or indictment by grand jury. The sections do not say, "all constitutional officers." The sections do not say, "Officers elected by the people." The sections do not say, "Officers provided by the Constitution." Upon the other hand, without any kind of modification or ambiguity, the two sections comprehend, within their express terms: "All officers; all public officers." *Runnels* v. *State*, 1 Walker, Pg. 146.

The question was again presented in the case of *Hyde* v. *State*, 52 Miss. 665; *Ex parte Lehman*, 60 Miss. 967. The question was again presented to this court in the case of *Moore* v. *State*, 45 So. 866; *City of Pass Christian*, 50

So. 98, 96 Miss. 640; *Moore* v. *State*, 45 So. 866; *Ex Parte Lehman*, 60 Miss. 967; *Hyde* v. *State*, 52 Miss. 665.

Counsel call attention to the court to the very recent case of *Ware* v. *State*, 71 So. 868, wherein the following language was: "The legislature therefore never contemplated or intended that the State Board of Health should have or exercise the power of removal at any meeting without reason, notice or hearing, the proper construction of the statute simply means that the state board may exercise the power of removal for good or reasonable cause."

And learned counsel cite that quotation as an authority for the removal of the appellee in this case by the State Board of Health. The trouble about that case as a precedent is that the question therein presented is not now involved. In that case, without any reason, and without any kind of notice or trial, the appellant, acting through the same members now seeking to remove the appellee, passed an order removing Dr. Poole and the question presented on that appeal was not the power of the legislature to give the State Board of Health the authority to remove a county health officer other than in the manner provided by the Constitution, but the question presented was one of construction; that is to say, the inquiry was: "Has the legislature given the State Board of Health power and authority to remove a county health officer without cause, and without notice."

The arguments were presented to that question, and the court considered that question; that is to say, a construction, not of the constitutionality of the statute, or its validity, but of the legislative intent, and decided that the legislature did not intend to confer authority upon the State Board of Health to remove county health officers without cause and without notice; that no such power was pretended to be given to it. The question of whether or not the legislature could, under the constitution, was not presented.

In order to make ourselves perfectly clear, it will only be necessary to expose the fallacious reasoning contained in . appellant's brief in this connection.    Appellant's counsel realize that there are two sections of the Constitution which must be eliminated before their proceedings in question can be given any kind of validity, and it is attempted to dispense with the observation of these sections by a fallacious species of reasoning which is unsound and in the very teeth of the express provisions of the sections themselves.    On page 3, counsel for appellant uses the following language in this connection:

"We think the chancellor overlooks the fact that the term of office is such time as the legislature makes it, and that the legislature may fix terms to be dismissed upon certain contingencies while at the same time specifying a time beyond which the term shall not last in any event."

And again, on page 4, he uses the following language: "Under section 20 of the Constitution our legislature may fix a term of office for a certain term of years, and provide that it may be ended before the expiration of that time for cause, and fix an authority to determine the cause and the term."

There are just two answers to this argument.    First, section 2490 gives the State Board of Health power to remove any county health officer, and does not deal or attempt to deal with the term of office.    The term is fixed by section 2491 at two years.    In order to expose the fallacy of this argument it is only necessary to observe the distinction between the officer, that is to say the occupant of the office and the term of office.    Section 2490 is dealing with the officer, that is to say the incumbent of the office, and not with the term of office.

In 29 Cyc. page 1395, the following definition is given: "The phrase term of office means the fixed period of time for which the office may be held.    The duration of the term of office is usually fixed by express constitutional or statutory provision.

Section 2491 fixed the term of office at two years in obedience to the constitutional mandate. Section 2490, as above stated, dealt with the officer or the incumbent. It in no manner changed or altered the term of office provided by section 2491. In other words, under section 2491, there was a term of office fixed from July 1, 1915 to July 1, 1917. The order of the board in this case does not change or interfere with that term of office. It merely purported to remove Dr. Mathews from the office and elect Dr. Sandifer for the remainder of the unexpired term. In other words, there is no contention that upon the election of Dr. Sandifer a new term began. At the utmost, Dr. Sandifer could only claim that he was elected for the unexpired term. We think this explanation is sufficient to expose the utter fallacy of this course of reasoning.

Second, however, there is still a more obvious objection to this line of reasoning. Counsel argues that the legislature could pass a law providing that the term should end upon a certain contingency; in other words he would have the court construe section 2491 as if it meant that there should be a term of office for two years, unless sooner terminated. The trouble about this reasoning is that it is in the very teeth of the Constitution itself. That was the very state of things which section 20 of the Constitution was intended to prevent, by the provision that all terms of office should be for some specified period. It is a sufficient answer to the whole argument to say that section 2490 does not alter, or in any manner limit the maximum term fixed by section 2491. But, in response to counsel's suggestion we will state that if the legislature should pass a law, saying that the term of office should be fixed for two years, unless the term should be changed by the State Board of Health, such a law would be unconstitutional, because the constitution provides in express terms that the term of office shall be for some specified period, and not rest upon some uncertain contingency.

The identical question was made very clear by this court in the case of *Houston* v. *Royston,* 7 How. 543. (*Monette* v. *State,* 91 Miss. 662.)

*G. G. Lyell,* for appellee.

It is admitted by opposite counsel that if Dr. Mathews is guilty of anything, it is for an indictable misdemeanor, or wilful neglect of duty, the latter being indictable as a misdemeanor.

See section 1302 of the Code of 1906, making indictable as a misdemeanor any violation of any officer's duty in any respect. Section 2489 gives the board power to make and publish rules. And the rules in question were introduced in evidence by the board. Section 2494 makes it the duty of the county health officer to enforce those rules.

It was for a neglect and failure to carry out those rules that he was tried and removed. Therefore, even if not admitted by appellant, it is clearly the law that if guilty of anything, Dr. Mathews was guilty of an indictable misdemeanor in office and for wilful neglect of duty, in the language of section 175 of the Constitution.

Now inasmuch as it is not disputed, nor could be, that the facts charged against Dr. Mathews constituted an indictable misdemeanor or nothing, it follows that opposite counsel's own construction puts him out of court.

The *Monette case,* 91 Miss. 662, at page 670, held void an ordinance of the city of Meridian providing for the appointment of policemen in that city "during good behavior."

As in the McDowell and Poole cases brief, Judge MAYES cited *Newsom* v. *Cocke,* 44 Miss. 352, for the general proposition that: "In the absence of constitutional provision or statutory regulation, it would seem to be a sound and necessary rule to regard the power of removal as incident to the power of appointment. He cites that case on page 16 of his brief in the instant case.

The trouble about that authority, as applied to all three cases is that there is both constitutional (section 175) and statutory (section 3490) prohibition. If the statute is constitutional, it can be only when it is construed to mean that the power of the board "at any meeting to remove any county health officer" can be exercised only when there has been a precedent indictment and conviction for a wilful neglect of duty or misdemeanor in office as provided in section 175 of the Constitution. And it is undisputed that Dr. Mathews had never been indicted, much less convicted.

What is really decided in *Newsom* v. *Cocke*, cannot be gained from a casual reading of the syllabi or the case itself. The court was there construing a statute of 1870 that gave the governor a right to remove certain temporary appointees made by him under the Constitution of 1869 which had just been ratified on December 1, 1869, by the people and which appointees were to hold office only until elections could shortly be held.

We request the court to note what is said in that case on pages 357 *et seq.* As the court said, speaking of a provision in the Constitution of 1896, we find in that instrument a provision which was intended to be temporary in its nature and character, and which will cease to be operative, when all the departments of Government are fully organized and in operation. Then follows a quotation from the special section of the Constitution, just adopted a few months before authorizing the Governor to make certain temporary appointments. Then at page 359 the court said, what counsel quoted, something about the power of the appointive power to revoke appointments made under that special section of the Constitution of 1869 and an act passed in April, 1870, covering the situation that had to be taken care of. But the further the opinion proceeds, the more definitely the court makes it clear that the general provisions in that Constitution, the prototypes of sections 20 and 175 of the Constitution of 1890, are not to be departed

from in any way. It was only because these appointments were as repeatedly stated by the court, temporary appointments to be good for only a few months, that the court recognized the constitutionality of the Act of April, 1870, therein referred to, in aid of the provision in that Constitution for taking care of the short interim between the effective date of the Constitution of 1869 and the election of all officers in 1870. The court concluded its opinion at page 363 by saying:

"Hence, we conclude the governor has the power to remove from office all district attorneys, and county, officers, until those officers have been elected by the people, when that power will cease and determine, and the incumbents of office will be thereafter subjected to removal therefrom, only in the mode and manner pointed out in the Constitution (Emphasis ours)." Those sections were the 29th section of the first article, the prototype of section 20 of the Constitution of 1890 and section 26 of article 6, the prototype of section 175 of the Constitution of 1890.

Beginning with the Runnel's case in Walker, page 146, down to the present time, our court has enforced the plain constitutional provisions applicable to removal from office. This court announced the rules we are contending for from the time of the Runnel's case to the present; and it is far too late a day to ask the court by a decision to depart from the wisdom and judicial construction, unbroken in the jurisprudence of this state, that is binding upon it as we most confidently affirm.

SMITH, C. J., delivered the opinion of the court.

Section 175 of our state Constitution provides the exclusive method by which a public officer may be removed from office. *Runnels* v. *State,* Walk. 146; *Hyde* v. *State,* 52 Miss. 665; *Ex parte Lehman,* 60 Miss. 967; *Lizano* v. *City of Pass Christian,* 96 Miss. 640, 50 So. 981; *Mayor, etc., Jackson* v. *State,* 102 Miss. 663, 59 So. 873, Ann. Cas. 1915A, 1213. Consequently, section 2490, Mississippi Code of 1906, in so far as it authorizes

the State Board of Health to remove a county health officer, is void.

The cases of *State* v. *McDowell,* 111 Miss. 596, 71 So. 867, and *Ware* v. *State,* 111 Miss. 599, 71 So. 868, are not in conflict herewith; for the reason that in those cases the statute here, which was also there, under consideration, was not complied with in the attempted removal of McDowell and Poole from office, so that the question of the legislature's power to enact it did not arise.

*Affirmed.*