STATE v. HENDERSON.

(Division A. March 6, 1933.)

[146 So. 456. No. 30476.]

J. A. Lauderdale, Assistant Attorney-General, and Smith & Smith, of Holly Springs, for appellants.

Lester **G. Fant, Sr.,** and **Jr.,** of Holly Springs, for appellee.

534

Argued orally by **L. A. Smith, Sr.,** for appellant, and by **Lester G. Fant,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is a quo warranto proceeding filed by a district attorney, "acting on the relationship of" certain designated persons, "citizens and taxpayers of the Fifth supervisor's district of Marshall county, Mississippi," wherein it is sought to remove the appellee from the office of supervisor of the Fifth supervisor's district of Marshall county because of alleged conduct said to be prohibited by sections 242, 243, 244, 919, 1069, 1070, and 2905, Code of 1930. A demurrer to the petition was sustained, the cause dismissed, and costs therein were adjudged against the persons on whose relation the petition states the district attorney acted in filing the petition. Both the state and the persons against whom costs were adjudged have appealed.

A motion by the appellee to dismiss the appeal is so obviously without merit that it will be overruled without further reference thereto.

Sections 3053 and 3062, Code of 1930, are in part as follows: Section 3053. "The remedy by information in the nature of a quo warranto shall lie, in the name of the state, against any person or corporation offending in the following cases, viz.: First.—Whenever any person unlawfully holds or exercises the functions of any public office, civil or military, or franchise, or any office in any corporation, city, town, or village, and to try the right to any such office. Second.—Whenever any public officer has done or suffered to be done, or has omitted to do any act, the doing or omission of which works a forfeiture of office."

Section 3062. "If judgment [in a quo warranto proceeding] be against the defendant, finding that he has been exercising the functions of an office without authority, he shall be removed from office and debarred therefrom."

Section 245 of the Code provides that any member of a board of supervisors who violates the provisions of sections 243 and 244 of the Code "shall be guilty of a misdemeanor and on conviction thereof, shall be fined not less than twenty-five dollars and not more than five hundred dollars, or not more than six months in the county jail, or both said fine and imprisonment in the discretion of the court, and upon conviction, he shall be removed from office."

Under section 2907 of the Code, "If any public officer, state, district, county, or municipal, shall be convicted of misconduct or misdemeanor in office, or of any felony or other infamous crime, or of corruption in office or peculation therein, . . . the court, in addition to such other punishment as may be prescribed, shall adjudge the defendant removed from office, and the office of the defendant shall thereby become vacant."

None of these statutes provide for the removal of an officer without a previous conviction of the crime, if any, which the doing of the prohibited act constitutes.

Section 175 of the Constitution is as follows: "All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law." Under this, and similar sections of previous Constitutions, this court has uniformly held that removal from office for the commission of crime must be based on a conviction therefor. Runnels v. State, Walk. 146; Newsom v. Cocke, 44 Miss. 352, 7 Am. Rep. 686; Hyde v. State, 52 Miss. 665; Ex parte Lehman, 60 Miss. 967; Moore v. State (Miss.), 45 So. 866; Lizano v. City of Pass Christian, 96 Miss. 640, 50 So. 981; Miss. State Board of Health v. Matthews, 113 Miss. 510, 74 So. 417.

But it is said by counsel for the appellant that the liability for removal from office results, not from the conviction, but from the doing of the prohibited act. In this counsel are in error, as will appear from the authorities supra; within limitations, such can be the statutory provision, Hyde v. State, 52 Miss. 665; Brady v. Howe, 50 Miss. 607; but the statutes here under consideration contain no such provision.

Again, it is said by counsel for the appellant that the word "conviction" in the Constitution, and the word "convicted" in the statutes, are used in the broad sense, and as the equivalent of the words "judgment" and "adjudged," citing Keithler v. State, 10 Smedes & M. 192, and that the adjudication of the doing of the prohibited act can be made and a judgment so declaring can be rendered in a quo warranto proceeding.

A complete answer to this is that the Constitution requires the judgment of conviction to be rendered in a trial on a presentment or indictment by a grand jury. Newsom, Moore, and Lizano Cases, supra.

The court committed no error in sustaining the demurrer and dismissing the case, but should not have taxed the costs thereof against the persons on whose relation the petition stated that the district attorney acted. These parties had no interest in the proceeding other than that common to all citizens of the county, were improperly made relators therein, and the allegation of the petition so doing is surplusage.

Section 3054 of the Code provides that the proceedings "shall be by information, in the name of the state, by the attorney-general or a district attorney, on his own motion or on relation of another, and, in a case to try the right to an office, on the relation of the claimant thereof." These alleged relators made no claim to the office, and the words, "on relation of another," of the statute, refer to a person at whose instance, and for whose benefit, the proceeding is instituted; "and who is quasi the plaintiff in the proceeding." Black's and Bouvier's Law Dictionaries.

The judgment of the court below will be reversed in so far as it adjudges costs against the persons on whose relation the proceeding is said to have been brought, and they will be relieved therefrom.

Reversed, and judgment here in accordance with this opinion.