BANKS, Justice,
dissenting:
In my view, the operative event for removal of a public official from office under the provisions of Miss.Code Ann. § 25-5-1 (1972) is conviction. As will be shown below, that event does not ordinarily occur until sentence is imposed under the settled law of this state and that of the vast majority of our sister states. Certainly, in my view, the least that is required is a formal affirmation of a verdict by ruling adversely on post-trial motions asking the trial court not to accept the verdict. It is based on these views that I joined in the order issued staying the judgment of the Warren County Circuit Court removing the petitioner from office at a time when that court had no more before it than an acknowledgment that a federal trial court had announced a verdict of guilty, when no adjudication had been entered, no sentence had been imposed and when a post-trial motion for judgment of acquittal or in the alternative a new trial was still pending before the federal trial court.
The order entered on December 19, 1995 dissolves that stay based on information supplied to this Court that the federal trial court *25 has formally rejected the post-trial motion. I did not join that order and I now write to fully express my views with regard to the issue presented.
I did not join the second order on procedural grounds, in part. I believe that the matter should have been remanded to the circuit court where the new evidence regarding the finality of conviction could have been presented and ruled upon. I would not have stopped there, however, because I believe that we should make a definitive statement as to when a public officer may be removed from office under the statute. That is, I believe that we must say whether a “conviction” is necessary and whether finality in the trial court is necessary to a “conviction.” I would answer both questions in the affirmative.
I.
It cannot be seriously disputed that our precedents place this state in line with the vast majority of American jurisdictions, that a “conviction,” as that term is used in provisions which affect the rights of individuals, refers to a final adjudication in a criminal trial court. Murphree v. Hudnall, 278 So.2d 427, 428 (Miss.1973); State v. Henderson, 166 Miss. 530, 146 So. 456 (1933); Helena Rubenstein Int’l v. Younger, 71 Cal.App.3d 406, 139 Cal.Rptr. 473 (1977); Slawik v. Folsom, 410 A.2d 512 (Del.1979); Summerour v. Cartrett, 220 Ga. 31, 136 S.E.2d 724 (1964); Grogan v. Lisinski, 113 Ill.App.3d 276, 68 Ill.Dec. 854, 446 N.E.2d 1251 (1983); Keogh v. Wagner, 20 App.Div.2d 380, 247 N.Y.S.2d 269 (1964), aff'd, 15 N.Y.2d 569, 254 N.Y.S.2d 833, 203 N.E.2d 298 (1964); Vasquez v. Courtney, 272 Or. 477, 537 P.2d 536 (1975); Shields v. Westmoreland County, 253 Pa. 271, 98 A. 572 (1916); Eckels v. Gist, 743 S.W.2d 330 (Tex.App.1987); Smith v. Commonwealth, 134 Va. 589, 113 S.E. 707 (1922); Kitsap County Republican Central Committee v. Huff, 94 Wash.2d 802, 620 P.2d 986 (1980). The reason for this view has been explained with reference to the strict construction usually accorded penal statutes, but the competing values have also been analyzed.
Sound public policy, too, requires [waiting until entry of judgment]. While a public official found guilty of a prohibited act should not be permitted to continue in office too long thereafter (such as the months and years often required for the appellate process), because of the vital need for the public’s trust and confidence in public officers, it is also important that a public officer, especially one elected by the people, not be permanently removed from office under [Delaware’s constitutional provision regarding removal] with undue haste, before he has had his full and complete “day in court.” That time comes with imposition of the sentence of the Court after guilt has been found.
Slawik v. Folsom, 410 A.2d at 518; Accord, Kitsap County Republican Central Committee v. Huff, 620 P.2d at 989-990.
It is, of course, distasteful to have one thought probably guilty of a serious offense, based upon the findings of twelve or some number of citizens of another jurisdiction or of a judicial officer there, to continue to hold public office in this state. There are competing values, however. One such value is that one put in office by the electorate should not be hastily removed. See, Lizano v. City of Pass Christian, 96 Miss. 640, 645, 50 So. 981 (1910) (quoted below). There is still another value which is time honored and suggests that individuals are entitled to their “full day in court” at least through the completion of the trial court process. Slawik v. Folsom, 410 A.2d at 518. We have mechanisms in this state, mirrored by those in other jurisdictions, which allow trial courts ample opportunity to correct their own mistakes. Only after that process is complete should we accord the presumption of correctness to proceedings. This especially is so where we engage in a collateral action on the basis of the result of those proceedings.
II.
It is suggested that the statute here in question should be interpreted to allow removal upon the rendering of a verdict. What is seized upon for that interpretation is the statutory command that the Attorney General file an action seeking removal of one “found guilty” in the court of another state or a federal court. Miss.Code Ann. § 25-5-1 *26 (1972). That paragraph provides that, in such proceedings, after notice and a hearing the public official may be removed. I disagree with that interpretation of the statute for a number of reasons.
First, that interpretation is inconsistent with the constitutionally required title of the legislation which enacted it. Lewis v. Simpson, 176 Miss. 123, 167 So. 780 (1936) (the title of an act may be resorted to to relieve any ambiguity in the body of the act). The title of Senate Bill 2426 and the act which it generated describes its purpose as providing for the removal of persons “convicted” in federal and state courts. 1979 Miss.Laws 608. There is no suggestion that the purpose of this bill was to do anything other than add “conviction” of crimes in other jurisdictions to grounds for removal and to provide a mechanism for bringing the fact of conviction in another jurisdiction before a court in this State for implementation of the stated policy of removing persons so convicted. The provision for a hearing is meaningless absent an affirmative grant of power to remove upon the finding of some fact prerequisite to removal. The fact prerequisite to removal is found, not in the paragraph compelling the Attorney General to file the motion but, in the former paragraph compelling the court to remove one “convicted” as there indicated. This interpretation of the statute is not at odds with the authority of the Attorney General to initiate proceedings pri- or to the finality of a judgment of conviction. Actual removal is all that must be stayed until the judgment of conviction is entered.
Secondly, the words “found guilty” are also fraught with ambiguity. Found guilty by whom is one question. It has been asserted and rejected that a finding of guilt of the proscribed conduct by a civil jury or a court in quo warranto proceedings is sufficient. State v. Henderson. Whether the “finding” is interlocutory or final is another. We deal with a highly penal statute. The rule of construction is that it should be construed strictly against those who would seek to impose the sanction prescribed. Merritt v. Magnolia Federal Bank For Savings, 582 So.2d 420 (Miss.1991); Bailey v. Georgia Cotton Goods Co., 543 So.2d 180 (Miss.1989).
Thirdly, seizing on these words and giving them a different interpretation gives greater credence and effect to foreign verdicts than those of our own fact finders and, in most instances, more than those jurisdictions would give them. The statutory directive to the Attorney General to act is limited to convictions in courts of other states or federal court. Miss.Code Ann. § 25-5-1 (1972).[1] It might be argued, in support of the proffered construction, that in some other jurisdiction there may be an unreasonable delay in bringing a conviction to finality but there is nothing to suggest that a jurisdiction which brings the prosecution in the first place would have any interest in delaying the proceeding for any reason other than to that which is just under the circumstances. Should foreign jurisdiction post verdict delay become a problem, the legislature has shown itself capable of dealing with it.
Finally, and most important, however, this Court has observed that a statutory provision for removal on the basis of something other than a conviction would offend our constitution. Lizano v. City of Pass Christian, 96 Miss. 640, 645, 50 So. 981 (1910); State v. Henderson, 166 Miss. 530, 537, 146 So. 456 (1933). In every constitutional and statutory provision providing for or affecting the removal or disqualification of public officials that the writer has found conviction is required. Miss. Const. Sec. 44; Miss. Const. Sec. 175; Miss. Const. 241. As indicated above, that word has been given a consistent meaning in this and other states when used in the context of disqualification or removal of elected officials.
It should be a serious thing to remove from office, before the expiration of his term, any officer whom the people have selected to govern them. It was designed by the constitution to make it a serious thing. Unless there is immediate and serious cause, the ballot is intended to be the method of removal, and it was not the *27 purpose of the constitution makers that the will of the people should be thwarted by partisans, but that removals should only be made by calm judicial investigation, and only after conviction. This method is safe, and should and must be pursued as the constitution requires.
96 Miss. at 646, 50 So. 981 (emphasis supplied).
For the foregoing reasons, I would have remanded this matter to the circuit court of Warren County with instructions to hold the matter before it in abeyance pending imposition of sentence in the Federal District Court for the District of Columbia,
DAN M. LEE, C.J., joins this opinion,

. This is a point apparently overlooked in the proceedings in Gerrard v. State, 619 So.2d 212 (Miss.1993).