OBEDIAH W. CONNER *v.* SYLVESTER McLAURIN, DISTRICT ATTORNEY, EX REL. THOMAS J. JACKSON.

QUO WARRANTO. *Pleading. Certainty. Conclusions.*

An information in a *quo warranto* proceeding, which shows that the election officers had declared the defendant elected to the office in question, and that he had qualified and entered upon the discharge of its duties, but seeks to question his right to the office because of irregularities or illegalities in the election, is demurrable if it fail to aver the facts; the statement of the pleader's conclusions will not save the pleading.

FROM the circuit court, second district, of Perry county.

McLaurin, district attorney, suing on the relation of Jackson, appellee, was the plaintiff in the court below; Conner, appellant, was defendant there.

The suit was begun by information in *quo warranto,* and it sought to question Conner's right to the office of municipal treasurer of the city of Hattiesburg. The plaintiff in the information averred that the defendant had been declared elected by the election officers, and had qualified and entered upon the discharge of the duties of the office. The nature of the averments by which defendant's right to the office was assailed are sufficiently manifest from the opinion of the court. A demurrer to the information was overruled by the court below; a trial was had on a plea filed by defendant, a general denial, which resulted in a judgment for the plaintiff. The defendant appealed to the supreme court, assigning for error, among others, the action of the court below overruling the demurrer to the information.

*G. W. Ellis* and *S. E. Travis,* for appellant.

The court below erred in overruling defendant's demurrer to the information; the charges therein of fraud are made in general terms, and state mere conclusions of the pleader. The rules of pleading require specific averments of facts, so that the court can draw its conclusions as to whether they constitute fraud.

*Miller & Baskin,* for appellee.

The evidence abundantly shows that the appellant was not elected, and the judgment ought not to be reversed for any error not going to the merits of the case. The information is amply sufficient to support the judgment: we think it perfectly good.

WOODS, C. J., delivered the opinion of the court.

The demurrer to the information should have been sustained. In the main the averments contained in the information are not averments of facts, but of conclusions of law or of the pleader.

In what respects the ballots used in the election in question

were not in conformity with the requirements imposed by law, . the information does not undertake to state or show.

In what particulars, or in what manner, the ballots were not distributed to the voters by the manager charged with the duty of distribution, the information does not aver.

To call an election a "pretended election," because the ballots were not in the form prescribed by statute, and were not distributed, and were not voted as required by law, and that, therefore, the election was void, is insufficient, as being mere conclusions drawn from facts not stated by the pleading. How did the ballots fail to conform to the statutory requirements as to form or substance? In what particulars was the distribution of ballots illegal? What violations of law were in fact committed by managers or voters in the use of the ballots?

The pleading should state the facts on which the aid of the court is invoked, in order that the court may pass upon their materiality and sufficiency. The court should be advised by the pleading as to the nature and character of the acts complained of, as rendering the election void, to the end that the court may determine whether such acts vitally and materially affected the result, or whether they were mere irregularities not touching the fairness of the election, or the purity of the ballot box.

*Reversed and remanded.*