STATE OF MISSISSIPPI, EX REL., JOHN L. SURRATT *v.* JAMES P. MORGAN.

QUO WARRANTO.   *Right to office.   Parties.   Code* 1892, § 3521.

> Under code 1892, § 3521, a proceeding by *quo warranto* to try the right to an office, unlike those involving public franchises, may be brought on the relation of the claimant of the office, neither the district-attorney nor the attorney-general being a necessary party thereto.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

The State, *ex rel.,* Surratt, appellant, was the plaintiff; and Morgan, appellee, was defendant in the court below.

This proceeding by *quo warranto* appears on the face of the information to have been brought in the name of the state by the district attorney on the relation of J. L. Surratt to try his

right to the office of mayor of the village of Saltillo. On the trial, the defendant, Morgan, moved to dismiss the proceeding because it had been brought without the consent of the district attorney. That officer, being introduced as a witness, testified that he had never been asked to consent, and had never given his consent to the proceeding being brought in his name, and declined to consent thereto in open court. The court thereupon sustained the motion to dismiss; and this appeal was taken.

*Anderson & Long,* for appellant.

A suit of this character can be brought and maintained by a private person without the consent of the district attorney, or of the attorney-general, and in the face of their disapproval. Code 1892, §§ 3520, 3521, and 3522.

Under ours and similar statutes such a suit may be brought on the relation of the claimant of an office to try his right thereto. It is purely a private suit, and neither the state nor district attorney nor attorney-general have any control of the matter. For a very able discussion of informations in the nature of *quo warranto* see *Lindsey* v. *Attorney-General,* 33 Miss., 508; *Harrison* v. *Greaves,* 59 Miss., 453; *Andrews* v. *State, ex rel., Covington,* 69 Miss., 740; *State* v. *Boal,* 46 Mo., 528; *Com.* v. *Cluley,* 56 Pa. St., 270; *Cain* v. *Brown,* 111 Mich., 657; *Com.* v. *Lexington,* 6 B. Mon., 397; *People* v. *Regents,* 24 Colo., 175; *Com.* v. *Swank,* 79 Pa. St., 156; *State* v. *Dahl,* 69 Minn., 108.

It has been held in several cases that every citizen has such an interest in a municipal office as will support a *quo warranto* to test the right of an incumbent thereto. *State* v. *Martin,* 46 Conn., 482; *Churchill* v. *Walker,* 68 Ga., 681; *Crovatt* v. *Mason,* 101 Ga., 246; *Foard* v. *Hall,* 111 N. C., 369; *State* v. *Tolan,* 33 N. J. L., 198.

And in the case of *State* v. *Orvis,* 20 Wis., 238, it was held under a statute permitting an information by a private relator on his own complaint, when the office usurped pertains to a

county, town, city, or district, that the information need not allege a refusal of the attorney-general to act.

It was held in *Hussey* v. *Heim,* 17 Tex. Civ. App., 153, that actions in the name of the state by one claiming a public office is a private suit, and the relator and respondent are the real parties. *State* v. *Stewart,* 6 Houston (Del.).

The record contains no brief for the appellee.

Argued orally by *W. D. Anderson,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

In 17 Enc. of Pleading and Practice, page 430, it is said: "Under these acts"—acts relating to *quo warranto* in the United States—"a distinction is made between usurpation which affects public rights alone, without touching individual rights, and those which primarily affect some private right, though at the same time they involve the usurpation of a public franchise, in the latter case an information being allowed on the relation of the person whose rights are affected." And this statement of the law is borne out by *Hussey* v. *Herim,* 17 Texas Civil Appeals' Reports, pp. 153, 154; *State, ex rel., Jennet* v. *Owens,* 63 Texas, 270; and *People* v. *Luther S. Ry. Co.,* 117 Cal., at page 612. See, also, 17 Enc. Pleading and Practice, p. 433.

This very clear distinction was obviously in the mind of the learned compiler of the code of 1880, § 2585, and § 2587 of that code show this clearly, the latter expressly declaring that in a contest for office, by *quo warranto,* "the person claiming to be entitled to the office shall be named as the relator."

The code of 1892 makes no change in this, though some indistinctness results from consolidating the two sections of the code of 1880 into § 3521 of the code of 1892. Section 3520 makes *quo warranto* the appropriate remedy, by the last clause of the first subdivision thereof; and § 3521 first provides for cases wherein public franchises, etc., are involved, as § 2585

of the code of 1880 had done, requiring the proceeding to be by the attorney-general, or district attorney, etc., and then proceeds: "And in a case to try the right to an office, on the relation of the claimant thereof."

We understand the statute to provide that in a case where the right to office is to be tried, neither the district attorney nor the attorney-general is a necessary party. It is wholly unlike the cases where public franchises are involved, the state being the moving party.

And this has been decided in *Harrison* v. *Greaves,* 59 Miss., at page 455. The court held that appellant there had no interest in the matter, and hence must fail, but added: "The state, by its proper officer, might institute a proceeding to oust the appellee" (meaning as a usurper), "but a private person may not, except to assert a right in himself to the office." That is to say, one who has an interest to assert as the claimant of an office may so proceed. This is made perfectly plain when reference is had to the original files in the case, No. 3922 on the dockets of this court, which we have been at the pains to examine. In that case the *quo warranto* was brought in the name of Harrison alone, neither the district attorney nor the attorney-general being a party. And the second and third grounds of demurrer are that the effort was not to try his right to the office, but simply to oust Greaves as incapacitated to hold it, and concede distinctly Harrison's right to have proceeded as he did, had he been trying his right to the office.

We think it is clear on principle, and settled by authority, and in this state by the statute and the above case, that in this character of *quo warranto* neither the attorney-general nor the district attorney is a necessary party.

*Reversed and remanded.*