BAKER *v.* NICHOLS *et al.*

[72 South. 1.]

1. EQUITY. *Accounting. Fees of sheriff's office. Jurisdiction. Sheriffs. Vacancies. Appointments. Constitution, section* 103.

   If equity has jurisdiction for one purpose it may administer full relief.

2. SAME.

   Under Constitution 1890, section 160, providing that courts of equity may exercise jurisdiction though the legal remedy has has not been exhausted or legal title established at law; equity has jurisdiction to compel an accounting of the perquisites and emoluments of a sheriff's office at the suit of a rightful claimant,

notwithstanding that incidentally the determination of the title to the office may be necessary. The jurisdiction of chancery to determine such a case must not be circumscribed or questioned simply because the *quo warranto* proceeding is ordinarily the proper method to try title to office.

3. SHERIFFS. *Vacancies. Appointment.*

Under Constitution 1890, section 103, so providing, the governor has the power to fill by appointment a vacancy caused by the death of a sheriff and pending the holding of an election for his successor, and this right is not abridged or denied by section 387 of the code, providing that the deputy may continue to discharge the duties of the officer in the name of the deceased officer as if he had not died, until the vacancy is filled according to law.

APPEAL from the chancery court of De Soto county. HON. J. G. McGOWEN, Chancellor.

Suit by German Baker for discovery and accounting against E. S. Nichols and others. From a decree sustaining defendant's demurrer, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

*R. L. Dabney, Holmes & Logan and Lauderdale & Lauderdale,* for appellees.

STEVENS, J. delivered the opinion of the court.

This is a suit in equity instituted by apellant, as complainant in the court below, against E. S. Nichols, Mrs. Anna Eliza Harris, and W. H. Harris, appellees herein, for a discovery, accounting and decree for the perquisites and emoluments of the office of sheriff of De Soto county. The record discloses that on November 25, 1912, W. P. Harris, the lawful sheriff of De Soto county, died leaving the office in charge of appellee, E. S. Nichols, the acting deputy sheriff. On November 27th the governor of the state, acting under section 103 of the Constitution, appointed German Baker, the appellant, as sheriff to succeed W. P. Har-

ris, deceased, and to fill the vacancy in the office until an election could be held. Apellant qualified by taking the oath and executing a bond which was duly aproved by the proper authority, and presented himself at the sheriff's office to take charge of the books and to perform the duties of the office. Mr. Nichols, the deputy, refused, however, to turn over the office or any of the books and records to the governor's appointee, asserted that he, as a regular deputy, under section 3487 of the Code, had a vested right to hold the office until an election could be held, and declined to recognize the appointment or authority of appellant. On January 2, 1913, an election was held to fill the vacancy, and at this election Mr. Nichols received a majority of the votes cast and the governor issued to him a commission. On January 31st *quo warranto* proceedings on the relation of appellant were instituted against Mr. Nichols, charging, among other things, that the latter was not a qualified voter and therefore was disqualified to hold the office. From a judgment of the circuit court sustaining a demurrer to the petition in *quo warranto,* apepllant prosecuted an appeal to the supreme court and secured a reversal of said judgment as disclosed by the reported case of *State ex rel. German Baker* v. *E. S. Nichols,* 106 Miss. 419, 63 So. 1025. In February 1914, Mr. Nichols, the respondent in the *quo warranto* proceedings, filed a plea to the petition averring that he was in deed and in fact a qualified elector and was, under section 3487 of the Code authorized to serve as the lawful deputy and to discharge all the duties of the office of sheriff. Thereafter the district attorney and German Baker. the relator, dismissed the petition in *quo warranto* without prejudice to any of the rights of Mr. Baker. In November, 1914, Mr. Baker exhibited the bill of complaint in the present cause, setting out all the foregoing proceedings except the institution of the *quo warranto* proceedings, asserted his right to the

office, charged that Mr. Nichols and the sureties on his bond had been and were wrongfully excluding him from the office, were appropriating the profits thereof, and prayed for an acounting and a decree for the fees, commissions, emoluments, and benefits which Mr. Nichols had received from the office from December 2, 1912, to the date of said suit. The bill also charged that Mrs. A. E. Harris, the widow of W. P. Harris, deceased, and W. H. Harris, his son, were co-operating with Mr. Nichols in receiving and appropriating the fees and commissions of the office, charged that they were administrators by their own wrong of the estate of W. P. Harris, deceased, and should be made to account for the fees, commissions, and benefits received by them. There is also a prayer in the bill that the books, papers, and paraphernalia of the office be surrendered and delivered over to the complainant, and that Mr. Nichols should be enjoined and restrained from holding the said office, as well as the books and papers thereof, and that he should be required to surrender and deliver the same over to the complainant. A demurrer was interposed to the bill and sustained by the court. Thereupon complainant by leave of the court amended the original bill by interlining in red ink the following averment:

"That the complainant, German Baker, has established his right and title to the office of sheriff and tax collector of De Soto county, Mississippi, by *quo warranto* proceedings in circuit court of said county and has been adjudged the *de jure* sheriff and tax collector of said county since December 2, 1912, and is now the *de jure* sheriff and tax collector of said county."

The defendant then interposed a special plea to that part of the amended bill set out in red ink, denying that appellant was the lawful sheriff and tax collector, denying that his title to the office had been adjudicated by the circuit court, and offered to verify the

facts set out in the plea by the record and proceed-
ings in the case of *State ex rel. German Baker* v. *E. S.*
*Nichols.* Issue was taken, in short; on the facts and
averments of the special plea, and the cause proceeded
to trial on the bill as amended and the special plea. The
only evidence introduced was the entire record of the
proceedings in *quo warranto.* The chancellor was of
the opinion, and so announced in the final decree, that
the chancery court was without jurisdiction to grant
the relief prayed for and for that reason dismissed
the bill.

About the only question presented for our decision is
whether equity has jurisdiction, or, to state the point
differently, whether appellant can invoke the aid of
chancery court for a discovery and decree for fees and
commissions without first having established his right
or title to the office by judgment in a *quo warranto*
proceeding. It is established by the record that appel-
lant, after having instituted the proper proceeding to
establish title to the office and after winning the pre-
liminary contest over the pleadings in that case, dis-
missed his suit without prejudice, and by so doing he,
of course, placed himself in the same attitude he
would be in had no *quo warranto* proceeding been filed
at all. It may be conceded, therefore, that he has
not established his title to the office by the appropriate
remedy in such cases. It is our conclusion, however,
and we so hold, that the bill in this case is not one pri-
marily to recover the office or to establish title to the
office of sheriff of De Soto county, but is primarily and
essentially a suit for an accounting and recovery of the
fees, commissions, and benefits which the bill charges
have been received by the defendants unlawfully and
which, according to the contention of appellant, Mr.
Baker is entitled to recover. If the governor, upon
the death of the regular sheriff, is authorized to name
a successor to fill the vacancy until an election could be

held, then Mr. Baker was a *de jure* officer and certainly the lawful sheriff of De Soto county until an election was held and a comission was issued to the party elected. The bill avers that Mr. Baker duly qualified and did all that he could to take charge of the office, and that possession was denied him through the wrong of Mr. Nichols. These facts are admitted by the demurrer. This is a personal action between the parties hereto and a suit whereof equity has original jurisdiction. It is a suit for an accounting. It is the conception of the bill that the defendants have wrongfully collected and appropriated various and divers fees and commissions which the regular sheriff and tax collector of the county usually receives and collects in the multitude of transactions handled by his office, the exact or total amount of which neither the complainant nor the court could know without access to the books in possession of the defendants and a proper accounting. It cannot be said, therefore, that equity has no jurisdiction of this suit. Incidental to the relief prayed for, it may be necessary to decide that appellant was a *de jure* sheriff; but the jurisdiction of chancery to determine this cause must not be circumscribed or questioned simply because the *quo warranto* proceeding is ordinarily the proper method to try title to office.

It is a familiar principle reflected by an unbroken line of decisions in this state that if equity has jurisdiction for one purpose it may administer full relief. It is unnecessary for us now to decide for what period of time appellant is entitled to recover fees and commissions of the office. It apears that two elections were held, one January 2, 1913, and one in May following. Mr. Nichols was elected at each election. It appears that he was duly commissioned in pursuance of the election held January 2, 1913. Whether appellant is in position to question the commission issued in pursuance of the first election we need not decide.

In the disposition of this appeal it is only necessary for us to say that, in our judgment, the governor was fully authorized to fill the vacancy occasioned by the death of Mr. Harris and pending the holding of an election for his successor. The right of the governor to make the appointment is not abridged or denied by section 3487 of the Code. This statute simply provides that the deputy "may continue to discharge the duties of the office in the name of the deceased officer as if he had not died, until the vacancy in the office shall be filled according to law." It yet remains that the deputy thus authorized by statute to discharge the duties of the office remained a deputy and is not the principal. By the express provisions of the statute the official bond of the deceased officer stands as security for the faithful performance of the deputy's duties. The people of the county are entitled to a sheriff, and it has been expressly held that the position of deputy sheriff is an office in itself. The principal of the office is deceased, and by his death the office is vacant. In this situation the governor was authorized by the express provisions of section 103 of the Constitution to make a provisional appointment "to continue until the vacancy is regularly filled." Ordinarily it would manifestly be to the best interests of the estate of the deceased sheriff as well as to the public good to have the vacancy promptly filled. The governor would at least have the right to exercise a sound discretion in the premises, and, if he acts by way of a provisional appointment, then his appointee is a provisional or temporary sheriff until the vacancy is filled in accordance with the statute. From December 2, 1912, therefore, until at least January 2, 1913, appellant was entitled to the office and the emoluments thereof, and to this extent the bill states a cause of action of which equity has jurisdiction. The extent of this recovery—that is, whether appellees have the right to offset the expenses of the office—is a ques-

tion which the lower court can deal with when it assumes jurisdiction of the case, and reaches the real merits of the litigation.

The contention of counsel for appellant that the jurisdiction of equity is assured by section 160 of the Constitution is persuasive. *Whitney* v. *Bank*, 71 Miss. 1009, 15 So. 33, 23 L. R. A. 531. It is expressly provided by this section that:

"In all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law."

The framers of our present Constitution went a long way toward abolishing the distinction between equity and common-law jurisdiction, and certainly where the chancery court has jurisdiction for one purpose its power to administer full relief should be limited by nothing save justice itself and the strength of the executive and, indeed, the military department of our government to execute the processes of the court and enforce her mandates. We hold it was error to sustain the demurrer to the bill, and likewise it was error to render the final decree holding that equity had no jurisdiction. If it should be that the vacancy in the office was duly and legally filled by election, then it would be folly to say that appellant must first establish his title to get into possession of the office. After the termination of a short period of time for which appellant was appointed, the question of title to the office would become a moot question, and the court would be justified in declining to entertain such a suit.

It might here be stated that the right of appellant to maintain at some time a suit for the fees, commissions, and benefits of the office as against appellees is not challenged by counsel in their briefs or oral arguments, and therefore we are not called upon to dis-

cuss the merits of that question or to refer to authorities on the point.

The decree of the court below will be reversed, the demurrer overruled, and the cause remanded for further proceedings in accordance with the conclusions here reached.

*Reversed and remanded.*