STATE *ex rel.* PLUNKETT *et al. v.* MILLER *et al.*

(Division B. November 23, 1931. Suggestion of Error Overruled January 4, 1932.)

[137 So. 737. No. 29727.]

J. G. Holmes, of Yazoo City, for appellants.

R. R. Norquist, of Yazoo City, for appellees.

Franklin, Easterling & Rosenthal, of Jackson, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

This is a contest between I. H. Plunkett and J. B. Warrington, on one hand, and William Miller and C. W. Kirk on the other, for the office of school trustees of the Anding consolidated school district in Yazoo county. Plunkett and Warrington were duly elected trustees of the said school district for a term of three years each, and at the time of the election were duly qualified electors, and had all the statutory qualifications of school trustees. Thereafter they failed to pay taxes on some of their property within the time required by law, and information was given the superintendent of education of such default in payment of the taxes, and it was represented that Plunkett and Warrington were disqualified to hold office further, and the superintendent was requested to remove them from office, and he gave notice of a date on which he would have a hearing upon the said matter, which notice is not questioned as to its sufficiency as giving time and opportunity to appear before the superintendent of education. Plunkett and Warrington, however, did not appear at said time and place, and the county superintendent of education proceeded to have a hearing and to declare that a vacancy existed in said offices, and gave notice to the patrons of the school of the time and place for the election of their successors, at which time and place patrons of the consolidated school district assembled and voted for Miller and Kirk as successors of Plunkett and Warrington. Miller and Kirk undertook to exercise some of the duties of trustees, and this information, in the nature of quo warranto, was filed by Plunkett and Warrington to contest their right to the said offices.

It appears without dispute that on the first Saturday of March, 1929, the relator Plunkett was duly and legally elected one of the trustees of said school district for a term of three years from that date, and on the first Satur-

day in March, 1930, the relator Warrington was duly and legally elected one of the trustees for the said school district for a term of three years from that date, and, at the time of election of each of said relators, each was then duly qualified and eligible to serve in such capacity, and each, following his election, promptly qualified and entered upon the duties as such trustees. The relators failed to pay, within the time required by law, all taxes legally required of each of them for the fiscal year of 1930. No appeal was prosecuted from the order or judgment of the superintendent of education by the said relators I. H. Plunkett and J. B. Warrington.

It was also admitted that the selection of Miller and Kirk by the patrons was certified to and approved by the county superintendent of education. The circuit court held that a failure to pay taxes subsequent to their qualification and selection as trustees did not create a vacancy in the office of school trustee, and that there was no vacancy to fill at the time the superintendent ordered the election by the patrons for the successors of Plunkett and Warrington. The circuit court also held that the relators had the right to resort to quo warranto rather than appeal from the order of the superintendent of education.

In the case of Moreau v. Grandich, 114 Miss. 560, 75 So. 434, we held that under the school law an appeal from the trustees to the superintendent is not an exclusive remedy; that the right to admission to the public schools of the state is a valuable right upon which litigants have a right to judicial determination, that the school trustees and superintendent are administrative bodies, and that the appeals provided from them are administrative appeals, and do not constitute res adjudicata.

The trustees of public schools are public officers, and under section 250 of the constitution must be, to be eligible, qualified electors at the time of their election or

selection. In Roane v. Matthews, 75 Miss. 94, 21 So. 665, this court construed section 250 of the constitution, and held that the eligibility referred to therein, at which time the qualification must exist, was eligibility at the time of the election. In the course of the opinion, page 99 of the official report (21 So. 665), the court said: "The qualification of an elector, so far as the payment of his taxes is concerned, as prescribed by section 241, Constitution 1890, depends upon the fact of the actual payment of such taxes, and not the party's thought or supposition or belief, however honestly entertained, that the taxes have been paid; nor upon any agreement he may have with any one that that one shall pay them for him. The right to vote as an elector rests upon no such shadowy grounds as these. Section 250 of the constitution provides that 'all qualified electors, and no others, shall be eligible to office, except as otherwise provided in this constitution.' . . . The 'eligibility to office' meant in section 250 is eligibility at the time of election. Unless then eligible by the payment of taxes, a candidate cannot become so by paying the taxes afterwards. This is the manifest meaning of the constitution, and any other construction leads to the most absurd results." The court also referred to the case of Taylor v. Sullivan, 45 Minn., 309, 47 N. W. 802, 11 L. R. A. 272, 22 Am. St. Rep. 729, where a similar construction was placed upon the constitutional provision of another state in reference to a person qualified to hold office. In that case it appeared that a foreign-born person was elected to a public office, but had not, at the time of the election, given notice, as required by law, of his intention to become a citizen of the United States. After the election he gave notice before the beginning of the term of office, but the court held that thus giving notice did not qualify him, and that under the constitution the test of eligibility was the test at the time of the election.

The state of Arkansas has decided a question in the same way in the case of Stafford v. Cook, 159 Ark. 438, 252 S. W. 597, 599. In that case it was held that school directors fall within the designation of county officers, within the meaning of the statute regulating contests. It was further held in that case that the fact that a school director, who was eligible when elected, subsequently failed to pay his poll tax, did not create such a vacancy in his office as would confer upon the electors the right to elect his successor. In the course of the opinion the court said: ''The theory upon which the voters cast their ballots for five candidates was that there were three vacancies on account of the ineligibility of Directors Lloyd, Vernon, and Hale; but this conception was entirely erroneous, for there were, in fact, no such vacancies. We must treat it as settled by the finding of the jury upon conflicting testimony that Lloyd, Vernon, and Hale had not paid poll tax for the previous year and were not qualified electors. White v. McHughes, 97 Ark. 221, 133 S. W. 1026. There was no attempt, however, to prove that these men were ineligible at the time they were elected and took office. Conceding, without deciding, that a condition of ineligibility arising after election and taking office would constitute ground for removal, it does not follow that such ineligibility vacates the office ipso facto; on the contrary, it seems clear to us that such subsequent ineligibility merely affords ground for removal and does not vacate the office. 'Vacancy in office' means the absence of an incumbent of the office who has been legally inducted therein. Words and Phrases, vol. 4, p. 1122 (second series); 22 R. C. L., p. 437. If the office has not been filled by a de jure incumbent, then the vacancy still exists; but when the induction into office is legal and the person so inducted is eligible at the time, his continuance in the office prevents a vacancy until he abandons the office or is removed therefrom in the manner provided by law. Mere existence of grounds for re-

moval do not constitute a vacation of an office so as to confer upon the electors the right to elect a successor.''

We are therefore of the opinion that there was no vacancy in the office, and that the relators, Plunkett and Warrington, were not disqualified to continue in the office during the term for which they were elected. The constitution, as construed by Roane v. Matthews, supra, means that the qualification must exist at the time the officer is elected or selected; the status of his qualification to hold office is determinable as of that date. Consequently the circuit court was right in holding that the relators, Plunkett and Warrington, were entitled to continue in office, and in holding that the decision of the county superintendent of education did not conclude their rights. The superintendent is given his powers under the statute for administrative powers and not for the purpose of exercising judicial powers; he is an officer in the executive department, and not an officer of the judicial department.

The judgment of the circuit court is therefore affirmed. Affirmed.