STATE ex rel. PARKS v. TUCEI.

(Division B.   Feb. 24, 1936.)

[166 So. 370.   No. 32114.]

Bidwell Adam, of Gulfport, for appellant.

**Ford & Ford**, of Pascagoula, for appellee.

Argued orally by **Bidwell Adam**, for appellant, and by **E. J. Ford**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant filed his petition in the circuit court of Harrison county against appellee to try the right to the office of councilman of the city of Biloxi, Mississippi, claimed by each of them. Appellee's demurrer to both the original and the amended petition was sustained, and appellant declining to plead further, final judgment was entered dismissing the petition. From that judgment appellant prosecutes this appeal.

Section 3053, Code 1930, provides, among other things, that the remedy by information in the nature of a quo warranto may be resorted to to oust any person unlawfully holding or exercising the functions of any public office; and section 3054 provides that the proceedings in such cases shall be by information, in the name of the state, by the attorney-general or a district attorney, on his own motion or on relation of another and to try the right to an office on the relation of the claimant thereof. The proceedings here were instituted not in the name of the state, on the relation of either the attorney-general or the district attorney, but on the relation alone of the appellant. Therefore, it is not a public action but in the nature of a private action. It follows that in order for appellant to succeed he must stand on the strength of his own claim to the office and not on the weakness of the claim of appellee.

The city of Biloxi was operating under the commission form of government provided for by the Code chapter on municipalities. The governing body, as provided by section 2629 (as amended by Laws 1932, chap. 219, sec. 1), was a mayor and two councilmen. The mayor was R. H. Chinn, and the councilmen were M. L. Michel and John Swanzy; their terms of office expired on January 7, 1935, and their successors had been elected for the four-year term beginning on that date. O'Keefe had been elected mayor, John Swanzy was re-elected, and appellee was elected in the place of Michel.

On the third day of January, 1935, which was Thursday, Michel resigned from his office, and on the next day the governor appointed appellant to fill out his unexpired term, and on the next day, which was Saturday, January 5th, appellant gave the required bond and took the oath of office. Therefore, only one secular day of Michel's unexpired term was left, namely, Saturday, January 5th. As above stated, the terms of the new officers began on the following Monday, January 7th.

As provided by section 2640, Code 1930, the mayor and councilmen had apportioned among themselves the executive and administrative duties devolving upon them, and had assigned the various officers and the employees of the city government to their appropriate departments. To Michel had been assigned the department of education and finance, and the collection of the city taxes, and he was also city clerk.

Section 2629 provides that if at any time a vacancy shall occur in the office of mayor or councilmen the remaining members of the council shall immediately order a special election to fill such vacancy, unless the remainder of the unexpired term be less than six months, in which event they shall appoint a qualified elector of the city, eligible to hold such office, to fill the vacancy during the remainder of the unexpired term. Michel's unexpired term being less than six months, the mayor

and the remaining councilman undertook to appoint a successor to fill out his unexpired term; they failed to agree on any one and so recited on their minutes. The governor was then called upon to fill the vacancy and appointed appellant.

On January 7th appellee made the required bond and took the necessary oath as councilman for the four-year term beginning on that date. Appellant refused to surrender the office to him, thereupon appellee with force of arms broke into the municipal building and took charge of the office and had charge of it when this proceeding was instituted.

The ground of appellant's contest is that appellee was not entitled to hold the office because he was in default for municipal taxes, payment of which was required of him on or before the first day of February of the previous year (1934), and that therefore as an appointee for Michel's unexpired term he had a right to hold over until a successor was duly elected as provided by law.

Appellee contends, and the trial court so held, that we do not reach the point of deciding whether he had the required qualifications for the office; that appellant cannot raise that question because his appointment by the governor to fill out Michel's unexpired term was without authority of law and void. Counsel representing the respective parties are in agreement that the mayor and remaining councilman having failed to appoint Michel's successor, as provided in section 2629, the only authority for appointment by the governor was section 103 of the Constitution, which reads as follows: "In all cases, not otherwise provided for in this constitution, the legislature may determine the mode of filling all vacancies, in all offices, and in cases of emergency provisional appointments may be made by the governor, to continue until the vacancy is regularly filled; and the legislature shall provide suitable compensation for all officers, and shall define their respective powers."

Was there an emergency requiring appellant's appointment for the unexpired term of one day, at most two days? In Attala County v. Mississippi Tractor & Equipment Co., 162 Miss. 564, 139 So. 628, dealing with emergency expenditures under section 6064, Code 1930, the court defined "emergency" as "an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; a pressing necessity." Whether an emergency exists justifying an appointment is reviewable by the courts. State v. Lovell, 70 Miss. 309, 12 So. 341; State ex rel. Booze v. Cresswell, 117 Miss. 795, 78 So. 770.

State ex rel. Baker v. Nichols, 106 Miss. 419, 63 So. 1025; Baker v. Nichols, 111 Miss. 673, 72 So. 1, gives appellant no aid. It was held in that case (before the court twice) that since no method was provided by statute for filling the vacancy in the office of sheriff existing between the death of the sheriff and the election of a successor, except that the duties should be discharged by the deputy, and the deputy being legally disqualified, there existed an emergency under section 103 of the Constitution, authorizing the governor to appoint a sheriff. In other words, in that case the sheriff's office could not function at all for want of both a sheriff and a legal deputy. There is no such case as that here. In the first place, the unexpired term was only one or two days. In the next place, the mayor and one councilman were left, a quorum, with full authority to carry on all the municipal affairs, including those functions especially assigned to Michel. Presumably there was a sufficient office force in addition to the mayor and two councilmen. There was no reason for the tax collecting or anything else to stop.

We are unable to see any emergency justifying appellant's appointment by the governor.

Affirmed.