STATE ex rel. FUNCHES *v.* KEYS.

Dec. 1, 1952

No. 38701          10 Adv. S. 46          61 So. 2d 339

*G. H. Merrell,* for appellant.

*John K. Keys,* for appellee.

McGEHEE, C. J.

The trial court sustained a plea to the jurisdiction or a pleading otherwise styled as a motion to dismiss the petition of the relator Elnois Funches, who, according

to his petition, had been duly elected on Saturday, March 3, 1951, as a trustee of the Lincoln Consolidated School in Covington County, and who filed the petition in the nature of a quo warranto proceeding under Sections 1120-21, Code of 1942, to oust the appellee Keys from the office as such trustee. The plea to the jurisdiction or motion to dismiss the quo warranto petition of Funches as claimant to the office of trustee of the school was sustained on the ground that it was required by law that the petition be in the name of the Attorney General of the State or of the District Attorney of the 13th Circuit Judicial District of the State. (Hn 1) In this, we think that the trial court was in error since Section 1121 authorizes the filing of the petition in the name of the State ''by the Attorney General or a District Attorney, . . . or on relation of another, and, in a case to try the right to an office, on the relation of the claimant thereof.''

In the case of State v. Henderson, 166 Miss. 530, 146 So. 456, it was held that the words in this statute ''on relation of another'' in the quo warranto statute, refer to a person at whose instance and for whose benefit the proceeding is instituted. Moreover, the statute expressly provides that ''in a case to try the right to an office on the relation of the claimant thereof.'' See also the cases of Harrison v. Greaves, 59 Miss. 455; State v. Morgan, 80 Miss. 372, 31 So. 789; State, ex rel. Parks v. Tucei, 175 Miss. 218, 166 So. 370; Hood v. Cruso, 174 So. 552 (Miss.); Mitchell v. Finley, 161 Miss. 527, 137 So. 330; and State ex rel. Plunkett, et al. v. Miller, 162 Miss. 149, 137 So. 737. In the instant case the petition in the nature of a petition for quo warranto stated a good and sufficient cause of action against the appellee Jeff Keys, and he filed an answer and certain exhibits in response to the petition. He later was granted permission to withdraw this answer and exhibits in order to file his plea to the jurisdiction of the court or his motion to dismiss the petition on the ground that the petitioner had not

brought the proceeding in the name of the Attorney General or the District Attorney.

(Hn 2) Since we are of the opinion that the court was in error in sustaining the plea or the motion of the appellee Keys, the cause must be reversed and remanded in order that the defendant may make answer to the petition and the cause be tried on its merits. The Lincoln Consolidated School only had three trustees and under the allegations of the petition, the appellee Keys was serving as trustee and there was no period during which there was a vacancy in the office since it is alleged in the petition that the appellant Funches was duly elected in the manner provided by law on the 3rd day of March, 1951, the time fixed by Section 6298, Code of 1942, for the election of a trustee of a school having three trustees, and therefore under the allegations of the petition there was no vacancy in the trusteeship such as to warrant the county superintendent of education to appoint the appellee Keys as a continuing trustee under the provisions of Section 6300, Code of 1942. The answer and exhibits to the answer having been withdrawn for the purpose of filing the plea to the jurisdiction and the plea having been, in our opinion, erroneously sustained, we reverse and remand the case in order that the appellee Keys may file a sufficient answer to the petition if he can and if he desires to do so.

Reversed and remanded.

*Roberds, Hall, Ethridge* and *Arrington, JJ.,* concur.