PATTERSON, Justice:
J. E. McMullan was removed from his position as Mayor of the City of Newton by a judgment of the Circuit Court of Newton County. The suit was one of quo warranto on the relation of Robert A. Weir, Jr., who had been defeated by Mc-Mullan in the Democratic primary as a candidate for the office. The judgment directed a special election for the selection of a new mayor to fill the vacancy in office created by the mayor’s removal. Both parties appeal.
The issue on direct appeal is whether McMullan was qualified to seek and hold the office of Mayor of the City of Newton.
The issue on cross-appeal is whether Weir is entitled to the office in the event there is a legal vacancy of office. We reverse on direct appeal and affirm on cross-appeal.
In 1957 McMullan was first elected Mayor of Newton and has served continuously in such office until his dismissal in the present suit. He owned an interest in a local hardware store when first elected and has subsequently become its sole proprietor. Weir has charged him with misconduct in office by way of approving city warrants payable to his hardware store for supplies and materials purchased by the city. These warrants span the interval from the time of McMullan’s first election in 1957 until the violation was called to his attention in March 1973. The total of the purchases from the mayor’s hardware concern was $12,842.60. Purchases of a similar nature were made during this time from other hardware stores of the area.
McMullan and Weir were candidates for the office of Mayor of the City of Newton in the Democratic primary in May 1973. In this election McMullan received 572 votes for the office and Weir received 426 votes. The primary election and its result were not contested by Weir and McMullan was unopposed in his bid for office in the following general election. He was elected and entered into his fourth term on July 2, 1973.
Thereafter, on July 12, 1973, a quo war-ranto petition was filed in the name of the district attorney on the relation of Robert A. Weir, Jr., challenging McMullan’s right to the office. The petition sought to have McMullan removed from office and Weir installed due to the former’s alleged malfeasance in purchasing city supplies from his hardware business. Numerous pleadings were filed, but the case was ultimately heard on its merits with the result mentioned.
*710 McMullan has been neither indicted nor convicted of the violation of Mississippi Code Annotated section 21-39-1 (1972) which prohibits a mayor or other public official from engaging in contracts or other business between his official office and his private business. He testified that the last sale by his store to the city occurred in February 1973 and that the warrant for this purchase was signed by him in March 1973. His position with regard to the matter is that he was unaware of the statute, did not realize that he was in violation of it and discontinued the practice when it was called to his attention. The posture of the case is that of an admitted but involuntary violation of the statute by the mayor in former terms of office for which he has not been convicted.
Undoubtedly, the law of this state, as expressed in Mississippi Code Annotated section 21-39-1 (1972), prohibits the purchase of materials and supplies by a public official from his private business concern. It also sets forth the punishment for the violation :
. In addition to the penalties prescribed by law, any person violating the provisions of this paragraph shall be removed from the office or employment then held by him, and shall not be eligible to succeed himself. (Emphasis added.)
Nevertheless, the question remains, whether the violation of itself suffices for the removal of an official from public office prior to conviction.
Section 175, Mississippi Constitution (1890) provides:
All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law. (Emphasis added.)
Weir, argues, however, that the violations charged and admitted by McMullan are not classified as misdemeanors and therefore a conviction was not necessary to disqualify McMullan as a candidate or to remove him from office.
We are of the opinion that the term “in addition to the penalties prescribed by law” (Section 21-39-1), as well as the requisites of Section 175, Mississippi Constitution (1890), requires the conviction of a public official before he can be involuntarily removed from office. We think this is made certain by Mississippi Code Annotated section 97-11-19 (1972) wherein it states, among other things, the following:
If any public officer or member of the legislature, or any officer, on any purchasing fyoard of public contracts, shall be interested, directly or indirectly, in any contract with the state, or a district, county, city, town, or village thereof, authorized by any law passed or order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term, he shall be guilty of a misdemeanor, .... (Emphasis added.)
The violations of law alleged by Weir constitute, if proven, a misdemeanor for which, upon conviction, McMullan would be made subject to the penalties set forth in Section 97-11-19 and in addition thereto, be subject to removal from office and not eligible to succeed himself. In the absence of a conviction the penalties of law could not be imposed by the court and since this is so, the additional penalty of removal from office could not be invoked. State v. Henderson, 166 Miss. 530, 146 So. 456 (1933); Mississippi State Board of Health v. Mathews, 113 Miss. 510, 74 So. 417 (1917); and Lizano v. City of Pass Christian, 96 Miss. 640, 50 So. 981 (1910). We are of the opinion that the lower court erred in removing McMullan from office since he has not been convicted.
Moreover, in those cases within this state wherein a challenger to public *711 office has sought to be installed' by a quo warranto proceeding, the Court has consistently held that a plurality of the legal votes cast is a prerequisite to the office. State ex rel. Powe v. Pittman, 253 Miss. 844, 179 So.2d 563 (1965); State ex rel. Funches v. Keyes, 215 Miss. 562, 61 So.2d 339 (1952); Omar v. West, 186 Miss. 136, 188 So. 917 (1939); Warren v. State ex rel. Barnes, 163 Miss. 817, 141 So. 901 (1932); Conner v. McLaurin ex rel. Jackson, 77 Miss. 373, 27 So. 594 (1900); Roane ex rel. Tunstall v. Matthews, 75 Miss. 94, 21 So. 665 (1897); and Andrews v. State ex rel. Covington, 69 Miss. 740, 13 So. 853 (1892).
The record before us discloses that Weir, the cross-appellant, did not receive a majority of the votes cast for mayor and therefore he was not entitled to the office. We are of the opinion that the trial court did not err in denying him the office of mayor.
Reversed on direct appeal and affirmed on cross-appeal.
RODGERS, P. J., and INZER, SUGG and WALKER, JJ., concur.