WALKER, Justice, for the Court.
This is an appeal on behalf of the State of Mississippi by Joe Clay Hamilton, District Attorney of the Tenth Circuit Court District from an order of the Circuit Court of Clarke County sustaining demurrers to indictments against the four defendants. The cases were consolidated for purpose of appeal only.
The defendants, Franklin Slay and Lewis McClinton, were, on April 6, 1973, aider-men of the Town of Quitman, Mississippi.
Harvey Underwood and Billy Kemp were, on the eighth day of May, 1974, employees of the Town of Quitman, Mississippi.
The indictments against Underwood and Kemp are identical except for the names of the defendants and charge that “. . . on the 8th day of May, A.D., 1974 did wil-fully and unlawfully, while an employee of the Town of Quitman, Miss., a municipali *678 ty, did own and share an interest in a certain contract made by the governing authorities of the Town of Quitman for certain construction work, to-wit: building manholes labor and furnishing materials and . . . did receive a portion or share of Two Thousand Two Hundred Twenty Five Dollars ($2,225.00) paid for said construction work, contrary to Section 21-39-1 of the Miss.Code of 1972, Ann. . . .” (Emphasis added).
The indictment against Lewis McClin-ton charges that “. . .on the 6th day of April, A.D., 1973 [he] wilfully and unlawfully then and there a duly elected and serving alderman for the Town of Quit-man, Mississippi, a municipality, and while at the same time owing an interest in Lewis McClinton’s Store, did while owning an interest in Lewis McClinton’s Store have a direct interest in a sale contract made by the governing authorities of the Town of Quitman for the purchase of certain supplies to-wit: clothing, and the said Lewis McClinton did in fact knowingly sell said merchandise to the Town of Quitman for which he received the sum of $7.49 all contrary to Section 21-39-1 of the Miss.Code of 1972, Ann. . . . ” (Emphasis added).
The indictment against Franklin Slay charged that “. . . on the 6th day of April, A.D., 1973 [he] did wilfully and unlawfully while then and there a duly elected and serving alderman for the Town of Quit-man, Mississippi, a municipality, and while at the same time was doing business as Slay’s Grocery, did as the owner of Slay’s Grocery, have a direct interest in a sale contract made by the governing authorities of the Town of Quitman for the purchase of certain supplies, to-wit: food stuffs, and the said Franklin Slay did in fact knowingly sell said merchandise to the Town of Quitman for which he received the sum of $8.64, contrary to Section 21-39-1 of the Miss.Code of 1972, Ann. ...” (Emphasis added).
The indictments against Kemp and Underwood, employees, fall squarely within the prohibitions of Mississippi Code Annotated section 21-39-1 (1972) which provides : “It shall be unlawful for any . . . employee of any municipality to enter into or to have . . . any interest ... in any contract made or let by the governing authorities of such municipality for the construction or doing of any public work, . . . or to receive, either directly or indirectly, any portion or share of any money . . . for the construction or doing of any public work. . . .” (Emphasis added).
The indictments against McClinton and Slay, aldermen, also fall squarely within the prohibitions of section 21-39-1 which provides in part that: “It shall be unlawful for any officer ... of any municipality to enter into or to have or to own any interest . . . either directly or indirectly, in any contract made or let by the governing authorities of such municipality . . . for the sale or purchase of any materials, supplies, . . or to receive, either directly or indirectly, any portion or share of any money . . . for . . . the sale or purchase of any property. . . (Emphasis added).
The penalty provision of the first paragraph of section 21-39-1 (which covers the offenses charged in the indictments) provides : “In addition to the penalties prescribed by law, any person violating the provisions of this paragraph shall be removed from the office or employment then held by him, and shall not be eligible to succeed himself.” (Emphasis added).
The lower court interpreted McMullan v. State, 298 So.2d 708 (Miss.1974) to mean that the penalties imposed by Mississippi Code Annotated section 97-11-19 (1972) are applicable to a violation of section 21-39-1; and, then found section 97-11-19 to be violative of the equal protection clause of the constitution by having alternate — ex- *679 elusive civil and criminal penalties[1] and for that reason sustained the demurrers to the indictments.
It is not necessary that we decide the constitutionality of section 97-11-19 as the holding’ in McMullan, supra, has been misinterpreted. In McMullan, J. E. McMul-lan was removed from his position as may- or of the City of Newton by judgment of the circuit court. The suit was one of quo warranto on the relation of Robert A. Weir, Jr., who had been defeated by Mc-Mullan in the Democratic primary as a candidate for the office. The circuit court directed that a special election be held to fill the vacancy in office created by the mayor’s removal. The petition had sought to have Mayor McMullan removed from office and Weir installed due to the former’s alleged malfeasance in purchasing city supplies from his hardware business. Mc-Mullan had neither been indicted for, nor convicted of the charges. This Court found, after comparing sections 21-39-1, 97-11-19 and section 175 of the Mississippi Constitution of 1890, that it was the clear intent of the law that in the absence of a conviction, the penalty of removal from office of an accused officeholder could not be invoked. McMullan does not hold that the penalty provision of section 97-11-19 is applicable to a violation of section 21-39-1, nor was that question before the Court in that case. It just so happened that the proof against McMullan would have brought him within the prohibition of section 97-11-19. Moreover, those two sections refer to separate and distinct offenses. Before an accused may be convicted under section 97 — 11—19 [2], it must be charged and the proof must show (1) that the defendant was a public officer or member of the legislature or any officer on any purchasing board of public contracts; (2) that the accused was interested directly or indirectly in a contract with the state, or a district, county, city, town, or village thereof; (3) that the contract was authorized by a law passed or order made by a board of which he may be or may have been a member, (4) during the term for which he shall have been chosen or within one year after the expiration of such term. The indictments against McClinton and Slay do not charge that the purchases allegedly made by the town from them were authorized by an order made by the board during the term for which the defendants were chosen or within one year after the expiration of such term; and, therefore, do not fall within the prohibitions of section 97-11-19. Such an allegation would not be necessary in an indictment against them under section 21-39-1.
Section 21-39-1 differs from sections 97-11-19 in three material respects: (1) under section 21-39-1 it is immaterial to a violation of that statute whether an officer of a municipality [who may be charged] is a member of the board authorizing the contract of sale, etc., it might very well be that he is a police justice, marshal, chief of police, tax collector, tax assessor or town clerk whose election is provided for under section 21-3-3 and who would not necessarily be a member of such board; (2) it is not essential that the contract be made during the term for which he was chosen— he may not even obtain an interest in an existing contract; and (3) section 21-39-1 applies to employees as well as municipal officers while section 97-11-19 only applies to public officers, members of the legislature, or any officer on any purchasing board of public contracts.
Furthermore, the penalty provision of section 21-39-1 which states, “In addition to the penalties prescribed by law, any person violating the provisions of this paragraph shall be removed from the office or employment then held by him, and shall not *680 be eligible to succeed himself,” refers to Mississippi Code Annotated section 99-19-31 (1972) which provides: “Offenses for which a penalty is not provided elsewhere by statute, and offenses indictable at common law, and for which a statutory penalty is not elsewhere prescribed, shall be punished by fine of not more than five hundred dollars and imprisonment in the county jail not more than six months, or either.” (Emphasis added).
We are therefore of the opinion that the lower court erred in sustaining demurrers to the indictments and that this cause should be and is hereby reversed and remanded to the lower court.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and INZER, P. JJ„ and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.
APPENDIX
1 § 97-11-19. If any public officer or member of the legislature, or any officer, on any purchasing board of public contracts, shall be interested, directy or indirectly, in any contract with the state, or a district, county, city, town, or village thereof, authorized by any law passed or order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term, he shall be guilty of a misdemeanor, and shall be fined a sum equal to double the value of the contract, or imprisoned in the county jail not less than one month nor more than one year, provided, however, that said inhibition and penalty shall not apply to members of the state depository commission and boards of supervisors of counties, or to members of the governing boards of municipalities, who are officers or stockholders of banks bidding for the privilege of keeping as depositories the public funds of said State, counties and municipalities, respectively, or to said bidding banks, where the bids of such banks for the privilege of keeping said public funds as the depositories of the said state, the counties and municipalities, respectively, are the equal of the highest and best bids offerd for said privilege, or in case of counties and municipalities, where there is no other bank in the said counties or municipalities bidding for said privilege of keeping said public funds as depositories, or offering to qualify as said depositories.
Instead of a criminal procedure against the officer or members of the board, committing the offense above defined, a civil proceeding may be instituted against any officer or officers, or members of any board, or boards, so offending for double the value of the contract, by or on behalf of the state, county, municipality, or district so affected, as the case may be. These remedies are alternative, not cumulative, and for double the amount of the contract, so made; and the remedy in any case first instituted, whether civil or criminal, shall be exclusive, barring, if civil, any criminal prosecution; and if criminal proceeding, then any civil suit for same transaction.
2 Missisippi Constitution of 1890, Article 4, Section 109.
No public officer or member of the legislature shall be interested directly or indirectly in any contract with the State, or any district, county, city, or town thereof, authorized by any law passed, or order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.

. See appendix.

. This section has its origin in Mississippi Constitution of 1890, Article 4, Section 109— See appendix.